IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BRUSAW, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 3478 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| KENNETH HAMMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's counsel – who, it must be noted is representing plaintiff *pro bono* pursuant to an assignment by the court – began trying to schedule the deposition of one of the defendants, Ms. Simpri-Mensah, four months ago on April 25, 2021, with an email to defense counsel, Ron Neroda. Plaintiff's counsel proposed dates in May he would be available to take the deposition and suggested doing so remotely. [Dkt. #80-1]. After follow-up emails on April 27th, May 14th, and May 18th [Dkt. ##80-2, 80-3], Mr. Neroda still had not provided available dates for the deposition of his client. Plaintiff's counsel sent another email on June 7th, advising that if Mr. Neroda continued to ignore the scheduling requests, plaintiff would select the date and time unilaterally. [Dkt. #80-5]. Once again, plaintiff's counsel heard nothing and, on June 11th, noticed the Simpri-Mensah deposition for June 17th. [Dkt. #80-6].

Maddeningly, it was only then that Mr. Neroda responded, saying – not surprisingly as it turns out – that the 17th did not work for him and asked for alternate dates, promising he would "get some dates locked in soon." [Dkt. # 80-7]. Plaintiff's counsel provided six dates in the first half of July. [Dkt. # 80-7]. As of July 7th, Mr. Neroda still had not provided a date for the Simpri-Mensah

deposition, and plaintiff's counsel sent follow-up emails that day, and on July 12th, and on July 22nd. [Dkt. ##80-8, -9, -10]. So, on July 28th, plaintiff's counsel again issued a notice of deposition, this time for August 24th, giving Mr. Neroda and his client nearly a month to clear their schedules and comply with their discovery obligations, which would, under the Federal Rules of Civil Procedure, occupy no more than 7 hours (or less) of the defendant's time.

At this point in the narrative, it's no surprise what happened next. On the afternoon before the scheduled deposition – which had, again, been set up with nearly a month's advanced notice – Mr. Neroda sent the following email: "The deposition of Simpri-Mensah will not be proceeding tomorrow. We will provide you with some alternative dates shortly. If you would like to discuss further please give me a call, thank you." [Dkt. #80-12]. After exhausting what, it has to be said, was a staggering amount of patience over the course of four months with Mr. Neroda, plaintiff's counsel filed his motion to compel the next day.

Mr. Neroda's explanation for all this – which was never shared with plaintiff's counsel until plaintiff's counsel was forced to file a motion to compel and Mr. Neroda had to file a response brief – is that Ms. Sempri-Mensah is on sabbatical from her job and studying for nursing boards until October 4. [Dkt. #84, Par. 2]. We don't know when defendant, Sempri-Mensah, supposedly went on sabbatical; but even if it was back in April when all this began, that is no excuse. It has been four months of plaintiff's *pro bono* counsel working to schedule the depositions, and four months of Mr. Neroda cancelling dates and ignoring emails.[1] Even the President of the United States is not immune

---

[1] It is, unfortunately, conduct like this that give lawyers "a bad name," to use Judge Bucklo's phrase. *Schaffner v. Hispanic Housing Development Corp.*, 76 F.Supp.2d 881, 883 (N.D.Ill. 1999). Lawyers have an obligation to fairly cooperate with opposing counsel in the preparation of the case for trial. *United Auto Ins. Co. v. Veluchamy*, 2010 WL 749980 at *6 (N.D.Ill. 2010); *Pioneer Drive LLC v. Nissan Diesel America,*
(continued...)

from deposition. *Clinton v. Jones*, 520 U.S. 681, 704–05 (1997). Just to make it clear, defendant, Sempri-Mensah, and counsel are ordered to appear at the scheduled deposition. Should they fail to appear, the defendant runs the significant risk of entry of a default judgment. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014)(discussing default judgment as sanction for failure to appear at deposition).

As for the balance of plaintiff's motion, under Fed.R.Civ.P. 37(a)(5), fees to the movant must be awarded when "the disclosure or requested discovery is provided after the motion was filed" unless the delinquent side can show: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; its conduct was substantially justified, (ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust. Plaintiff's counsel clearly went above and beyond in trying to secure compliance without a motion to compel, so (i) is obviously inapplicable. The fact that defendant claims she has been studying for boards – again, there is no indication when she began – if she did – does not justify refusing to show up for scheduled depositions or provide make-up dates for four months under (ii). Nor does it justify what Mr. Neroda did regarding the scheduling of depositions and the repeated cancellation of scheduled dates. And finally, as to (iii), defendant makes no showing of "other circumstances."

---

[1](...continued)
*Inc.*, 262 F.R.D. 552, 554 (D.Mont. 2009). That, of course includes discovery most of all, and that obligation unfortunately was not met here.

Accordingly, plaintiff's counsel is entitled to a fee award for the time he was forced to spend on the motion.[2] In this instance, and given the foregoing history, I find that Mr. Neroda should be personally responsible for that award. In no other walk of life would it take four months to schedule a meeting or appointment, cancelling it or opting out at the eleventh hour, and failing to offer other options. And in no other walk of life would that kind of behavior be described as "working diligently" in "good faith" as Mr. Neroda has claimed he did. But "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018); *Bowers v. Dart*, 1 F.4th 513, 520 (7th Cir. 2021)("With all of this evidence in mind, we share the district court's conclusion that a rational juror could doubt that Bowers was telling the truth by insisting he could not walk."). *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Plaintiff's counsel's *pro bono* status is not an impediment to such an award. Quite the contrary. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012); *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 2650371, at *5 (S.D.N.Y. 2021) *Dallas v. Goldberg*, 2003 WL 22872325, at *1 (S.D.N.Y. 2003); *In re Steward*, 529 B.R. 903, 918 (E.D. Mo. 2015); *Usherson v. Bandshell Artist Mgmt.*, 2020 WL 3483661, at *20 (S.D.N.Y. 2020). No one,

---

[2] The amount requested is $1,690. [Dkt. 380 at 7].

least of all a lawyer who has been recruited by the court, [Dkt. #25], should have to go through what plaintiff's counsel was forced to endure to schedule a deposition of a defendant. Little wonder Learned Hand would say in a speech in 1921 – after some dozen years on the bench – "that as a litigant I should dread a lawsuit beyond almost anything else short of sickness or death." Lectures on Legal Topics, Learned Hand, The Deficiencies Of Trials to Reach the Heart of the Matter, 105 (The MacMillan Co. 1926).

In case after case, the scheduling of depositions continues to be an Herculean task. The question in this case is not so much whether the fee award should be paid – but should it be paid to plaintiff's counsel directly or to the CJA fund. Some courts have concluded the award should go to the fund. *See Timothy Upchurch v. Timothy O'Brien, et al.*, 2021 WL 3617098, at *11 (W.D. Wis. 2021)("Those funds are to be made payable to the court's fund to support the costs incurred by pro bono counsel in this district."). But an award to the Fund in no way compensates counsel for the time he expended needlessly. Here, I think the better course, given the circumstances, is that the award be paid directly to plaintiff's counsel by Mr. Neroda (or his client).

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/2/21

5